**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA     | : |                          |
|                              | : |                          |
|                              | : | CRIMINAL NO. 00-0725     |
| v.                           | : | CIVIL ACTION NO. 07-2446 |
|                              | : |                          |
| DAVID ISAAC                  | : |                          |
|                              | : |                          |
|                              | : |                          |
_____ :

## <u>MEMORANDUM</u>

**ROBERT F. KELLY, Sr. J.**                                     **SEPTEMBER  10, 2007**

Before the Court is Petitioner, David Isaac's ("Isaac"), Motion to Vacate, Set Aside or

Correct Sentence pursuant to 28 U.S.C. § 2255.  Isaac argues that his Sixth Amendment right to

effective assistance of counsel was violated when his attorney failed to file an appeal on his

behalf following sentencing.  For the reasons set forth below, Isaac's motion is denied.

### I. FACTUAL BACKGROUND

On December 6, 2000, a federal grand jury for the Eastern District of Pennsylvania

returned a six count Indictment charging Isaac with three counts of possession with intent to

distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (counts one, three, and

five), and three counts of possession with intent to distribute more than 50 grams of cocaine base

("crack") within 1,000 feet of a public elementary school, in violation of 21 U.S.C. § 860(a)

(counts two, four, and six).

On September 30, 2002, pursuant to a written plea agreement, Isaac pled guilty to counts

one and two of the Indictment.  Under the terms of the agreement, Isaac acknowledged that he

understood the statutory minimum and maximum sentences applicable to his plea, no one had

guaranteed him any specified sentence, he had been convicted of a prior drug-related felony offense, and he "[v]oluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, *28 U.S.C. §2255*, or any other provision of law." (Guilty Plea Agreement ¶¶ 4-7) (emphasis added).

On January 24, 2003, Isaac was sentenced to 121 months imprisonment, eight years of supervised release, and a $200 special assessment. This Court advised Isaac that he had ten days within which to file an appeal; however, Isaac failed to file an appeal within the ten day period. Isaac's conviction became final on February 9, 2003, ten days after entry of this Court's Order of Judgment of Conviction. This motion was filed June 18, 2007, pursuant to 28 U.S.C. § 2255.

## II. LEGAL STANDARD

Isaac is entitled to relief only if his custody or sentence violate federal law or the Constitution. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (West 2007). A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under Section 2255. See Gov't of the V. I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See

2

Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994).  Accordingly, a district court

may summarily dismiss a motion brought under Section 2255 without a hearing where the

"motion, files, and records, 'show conclusively that the movant is not entitled to relief.' "  U.S. v.

Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir.

1992)); Forte, 865 F.2d at 62.

III. DISCUSSION

The United States contends that Isaac's Section 2255 motion must be dismissed as

untimely.  (Gov't Resp. to Def's Mot.)  Section 2255, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations on

the filing of motions to vacate, set aside, or correct sentence.  28 U.S.C. § 2255.  The statute

reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation
> period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

3

Id.

Isaac's motion was filed beyond the one-year statute of limitations.  He was sentenced on January 23, 2003, and was given ten days within which to file an appeal.  (Sentencing Hr'g Tr. 10:16-20, Jan. 24, 2003.)  No appeal was filed.  His conviction became final on February 9, 2003.  (See Gov't Resp. to Def's Mot. at 2.)  Isaac's Section 2255 motion was not filed until July 19, 2007, more than three years after the one-year statute of limitations had run.  The motion is therefore untimely and must be dismissed as time-barred.  See U.S. v. Craycraft, 167 F.3d 451, 455-58 (8th Cir. 1999) (dismissing Section 2255 motion when ineffective assistance of counsel claim was raised in an amendment after the one-year statute of limitations had expired); U.S. v. Arana, No.96-540, 2006 WL 1208002, at * 2 (E.D.Pa. July 15, 2002) (dismissing Section 2255 motion as untimely when filed nearly two years after conviction was final).  Thus, Isaac's Section 2255 motion is denied in its entirety.[1]  Moreover, a certificate of appealability will not issue because Isaac has not made a substantial showing of the denial of a Constitutional right.

An appropriate Order follows.

---

[1]Isaac additionally argues that counsel was ineffective for failing to file an appeal on his behalf following sentencing on January 23, 2003.  In order to prevail on an ineffective assistance of counsel claim, a defendant must satisfy the requirements of prejudice and deficiency as set out in Strickland v. Washington, 466 U.S. 668, 687 (1984).  To satisfy this test, a defendant must first show that counsel operated "below an objective standard of reasonableness.  Id. at 688.  Secondly, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, Isaac expressly waived his appeal rights except in the event that his sentence exceeded the statutory maximum, and he was sentenced outside of the guidelines.  Isaac acknowledged this waiver both in the written plea agreement and at sentencing.  As noted above, Isaac's sentence was well within the prescribed guidelines; therefore, he had no basis for appeal either under the terms of the plea agreement or under 28 U.S.C. § 2255.  As Isaac had no grounds upon which to appeal his sentence, he was not prejudiced by counsel's failure to appeal, and counsel was not deficient for failing to do so.

4

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|                              |   |                           |
|------------------------------|---|---------------------------|
|                              | : |                           |
| UNITED STATES OF AMERICA     | : |                           |
|                              | : | CRIMINAL NO. 00-0725      |
| v.                           | : | CIVIL ACTION NO. 07-2446  |
|                              | : |                           |
| DAVID ISAAC                  | : |                           |
|                              | : |                           |
|                              | : |                           |

_____

**ORDER**

      **AND NOW**, this   10th   day of September, 2007, upon consideration of Petitioner, David Isaac's, Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 44), and the United States' Response in opposition thereto, it is hereby **ORDERED** that the Petition is **DENIED**.

      There is no probable cause to issue a certificate of appealability.

BY THE COURT:


/s/ Robert F. Kelly_____
ROBERT F. KELLY
SENIOR JUDGE