IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 00-0725 |
| v. | : CIVIL ACTION NO. 07-2446 |
| | : |
| DAVID ISAAC | : |
| | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **SEPTEMBER 21 , 2007**

      The Court previously issued a Memorandum and Order dismissing Petitioner David Isaac's ("Isaac") Section 2255 motion on September 10, 2007. Currently before the Court is Isaac's Response to Government's Motion to Dismiss Petitioner's Title 28 U.S.C. § 2255 Motion. Having received Isaac's Response after issuing an Order on this matter, the Court will treat Isaac's Response as a Motion to Reconsider. For the reasons set forth below, Isaac's motion is denied.

**I. FACTUAL BACKGROUND**

      On December 6, 2000, a federal grand jury for the Eastern District of Pennsylvania returned a six count Indictment charging Isaac with three counts of possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (counts one, three, and five), and three counts of possession with intent to distribute more than 50 grams of cocaine base ("crack") within 1,000 feet of a public elementary school, in violation of 21 U.S.C. § 860(a) (counts two, four, and six).

      On September 30, 2002, pursuant to a written plea agreement, Isaac pled guilty to counts

one and two of the Indictment. The agreement contained an appeal waiver provision. The applicable portion of the agreement reads:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.
> a.  Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
> b.  If the government does not appeal, then notwithstanding the waiver provision set forth in paragraph 7 above, the defendant may file a direct appeal but may raise only claims that:
>   1. the defendant's sentence exceeds the statutory maximum; or
>   2. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range; or
>   3. the district court decided adversely to the defendant the following issue: whether this offense or post-offense conduct involved obstruction of justice as set forth in U.S.S.G. § 3C1.1.
> If the defendant does not appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

(Guilty Plea Agreement ¶ 7).

On January 24, 2003, Isaac was sentenced to 121 months imprisonment, eight years of supervised release, and a $200 special assessment. This sentence was at the low end of the sentencing guidelines. This Court advised Isaac that he had ten days within which to file an

appeal. However, Isaac failed to file an appeal within the ten day period.  Isaac's conviction became final on February 9, 2003, ten days after entry of this Court's Order of Judgment of Conviction.

On June 18, 2007, more than three years after the one-year statute of limitations imposed by Section 2255 had run, Isaac filed a motion pursuant to 28 U.S.C. § 2255, alleging that he was denied effective assistance of counsel in that counsel failed to file an appeal on his behalf following sentencing.  On September 10, 2007, this Court issued a Memorandum and Order dismissing Isaac's Section 2255 motion as untimely.  Isaac filed this Motion to Reconsider dismissal of the Section 2255 motion three days after the Court issued its Order.  Isaac argues that the Section 2255 motion should not be dismissed as untimely because the delay in filing was due to his belief that counsel had filed an appeal on his behalf following sentencing on January 24, 2003.  Isaac further asks the Court to grant an evidentiary hearing to determine whether the delay was, in fact, attributable to counsel's failure to appeal and to grant leave to file the Section 2255 motion after the one-year period, if the Court so finds.

## II. LEGAL STANDARD

Isaac is entitled to relief only if his custody or sentence violate federal law or the Constitution. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (West 2007). A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under Section 2255. See Gov't of the V. I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under Section 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.' " United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)); Forte, 865 F.2d at 62.

**III. DISCUSSION**

The "motion, files, and records" in the instant case show conclusively that Isaac is not entitled to relief. See Nahodil, 36 F.3d at 326. Under the terms of the plea agreement, Isaac expressly waived all rights to appeal, except in the event that he was sentenced outside the guidelines. (See Guilty Plea Agreement at ¶ 7). Not only did Isaac sign the plea agreement acknowledging this waiver, but the issue was specifically addressed during Isaac's plea hearing:

> THE COURT: Okay. There is also an agreement with respect to appeal, limiting his right to appeal?
>
> MS. CHUN: That is correct, your Honor. That the defendant has agreed to waive his right to appeal, other than what is proposed in the Plea Agreement, and that is, that at the time of sentencing that if the sentence exceeds the statutory maximum, or that the District Court erroneously departed upward from the otherwise applicable sentencing guideline range, or that the District Court decided adversely to the defendant regarding the offense – or post-offense conduct involving obstruction of justice as set forth in Guideline

>Section 3C1.1.
>
>THE COURT: Okay. All right, Mr. Magargee, are those the salient points of the agreement?
>
>MR. MAGARGEE: They are, your Honor.
>
>THE COURT: Anything else that's not covered that we should bring up at this time?
>
>MR. MAGARGEE: Not at this time, your Honor, no.
>
>THE COURT: Okay. Mr. Isaac, is that your understanding of the agreement between you and the Government?
>
>THE DEFENDANT: Yes, Sir.

(Plea Hr'g Tr. 7:15-25; 8:1-10, Sep. 30, 2002). Thus, the only appeal rights Isaac has currently preserved under the terms of the agreement would be in the event that his sentence exceeded the statutory maximum, or if the Court erroneously departed upward from the sentencing guideline range.

As Isaac acknowledged at the plea hearing, he faced a statutory maximum of life in prison and a mandatory minimum of ten years imprisonment, eight years to a lifetime of supervised release, a $12 million fine, and a $200 special assessment for his offense. (Plea Hr'g Tr. at 9:10-14). The Court imposed a sentence of 121 months imprisonment, eight years of supervised release, and a $200 special assessment. (See Sentencing Hr'g Tr. 9: 12-25; 10:1-3, Jan. 24, 2003). As noted above, not only was this sentence well within the applicable guidelines, but it was, in fact, at the low end of the sentencing range. Thus, even if Isaac did request that counsel

file an appeal of his sentence, Isaac had no basis for such appeal, as the Court did not depart from the prescribed guidelines in imposing his sentence, and he expressly waived all other rights to appeal under the terms of the agreement. Therefore, the Court finds that Isaac's claims, even if proven, would not entitle him to relief and dismisses Isaac's Section 2255 motion without a hearing. A certificate of appealability will not issue because Isaac has not made a substantial showing of the denial of a Constitutional right.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 00-0725 |
| v. : | CIVIL ACTION NO. 07-2446 |
| : | |
| DAVID ISAAC : | |

## ORDER

**AND NOW**, this 21st day of September, 2007, upon consideration of Petitioner David Isaac's Response to Government's Response to Dismiss Petitioner's Title 28 U.S.C. § 2255 Motion (Doc. No. 52), it is hereby **ORDERED** that the Motion is **DENIED**, and no probable cause exits to issue a certificate of appealability.

BY THE COURT:


/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE